# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1644V
(Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| JULIE KEEN WHITE, *on behalf of the estate of* CYNTHIA LADEW QUINN, | |
| Petitioner, | Filed: April 30, 2019 |
| v. | Entitlement; Influenza Vaccine; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Guillain-Barré Syndrome ("GBS"); Conceded. |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Collie Britain Sledge, III*, Rolling, Perrilloux & Sledge, Hammond, LA, for Petitioner.

*Sarah Duncan*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## RULING FINDING ENTITLEMENT[1]

On October 31, 2017, Cynthia Quinn filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered from Guillain-Barré syndrome ("GBS") as a result of receiving the influenza ("flu") vaccination on November 4, 2014. Am. Pet. at 1, filed Feb. 27, 2018 (ECF No. 10). After Petitioner passed away in late 2018, her daughter, Julie Keen White, continued pursuing this claim on behalf of her mother's estate. *See* Order Granting Motion to Amend Pleadings, filed Mar. 29, 2019 (ECF No. 26).

---

[1] Although this Ruling has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Ruling's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Ruling in its present form will be available. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2012)).

In his Rule 4(c) Report, Respondent acknowledged that the Petitioner's claim is compensable as a Table injury under the Act. *See* Respondent's Second Supplemental Rule 4(c) Report, filed Apr. 30, 2019 (ECF No. 27). Respondent specifically stated that medical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services, have reviewed the petition and accompanying documents filed in this case, as well as the relevant medical records, and Respondent has concluded that Petitioner satisfied the criteria set forth in the Table. *Id.* at 6–7. Respondent concedes that the evidence shows that Petitioner suffered from GBS as a result of the flu vaccine, and that onset occurred within the appropriate timeframe. *Id.* Respondent therefore concludes that Petitioner is entitled to an award of damages. *Id.*

In view of Respondent's concession, and based on my own review of the record (*see* § 300aa-13(a)(1); 42 C.F.R. § 100.3 (a)(I)), I find that Petitioner is entitled to compensation for an injury that was caused-in-fact by a covered vaccine. 42 C.F.R. §§ 100.3(a)(XIV), 100.3(b)(2). A separate damages order will be issued shortly.

Any questions may be directed to my law clerk, Madeline Lamo, at (202) 357-6391.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master
